UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 31, 2019

Mario A. Batelli, Esq.
Foster & Mazzie, LLC
10 Furler Street
Totowa, NJ 07512
*Counsel for Defendant/Third-Party Plaintiff Eastern King Air Service, LLC*

Christopher J. Camera, Esq.
Mark A. Beckman, Esq.
Gordon Rees Scully Mansukhani, LLP
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
*Counsel for Third-Party Defendant Crystal IBC, LLC d/b/a Crystal & Company*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **Old Republic Ins. Co. v. Eastern King Air Serv., LLC**
**Civil Action No. 18-15102 (SDW) (LDW)**

Counsel:

Before this Court is Third-Party Defendant Crystal IBC, LLC d/b/a Crystal & Company's ("Crystal") Motion to Dismiss the Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Crystal's motion.

## DISCUSSION

**A.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an

entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

**B.**

On or about April 8, 2018, a Beechcraft King Air 200 Aircraft (bearing FAA Registration Number N982GA) (the "Aircraft"), piloted by Charles Musumeci ("Musumeci") was damaged in a runway incursion at Essex County Airport, Caldwell, New Jersey (the "Accident"). (D.E. 1 ¶ 1.) The Aircraft was owned by Eastern King Air Services, LLC ("Eastern"). (*Id.* ¶¶ 1, 9-10.) From 2013-2018, Crystal had acted as an insurance broker to obtain coverage for the Aircraft on behalf of Eastern from Old Republic Insurance Company ("ORIC"). (*Id.* ¶ 2, D.E. 6 at 13-14.) The ORIC policy (the "Policy") required that the pilot in command of the Aircraft undergo certain ground and flight training, but Musumeci failed to complete that training. (D.E. 1 ¶¶ 4-7; 6 ¶¶ 12-18.) As a result, ORIC denied coverage for the damage the Aircraft sustained in the Accident. (D.E. 1 ¶¶ 5-7; 6 ¶ 20.)

ORIC filed a Complaint for Declaratory Judgment in this Court seeking "a determination . . . that, due to Eastern's and its pilot-in-command's failure to meet the qualifications set forth in the Policy condition . . . the Policy was not in effect at the time of the Accident . . . and does not afford Defendant Eastern coverage for any and all property damages suffered as a result." (D.E. 1 ¶ 40.) Eastern then filed a Third-Party Complaint against Crystal, alleging that Crystal was negligent in acquiring coverage for the Aircraft and violated its fiduciary duties to Eastern, because it failed to later advise Eastern that "there would be no coverage under the policy for a covered loss based on Musumeci's failure to complete" the training.[1] (D.E. 6.) Crystal moved to dismiss the Third-Party Complaint on April 3, 2019. (D.E. 25.) Eastern opposed the motion on April 15, 2019 and Crystal filed its timely reply on May 14, 2019. (D.E. 26, 32.)

Because Eastern's claim against Crystal is one for negligence/broker malpractice, the first question before this Court is what, if any, duty Crystal owed to Eastern. "The question of whether a duty exists is a matter of law to be decided by the court." *City Check Cashing, Inc. v. Mfrs. Hanover Trust Co.*, 764 A.2d 411, 416 (N.J. 2001); *see also Woods Corp. Assocs. v. Signet*

---

[1] Although Eastern describes its claims as arising from negligence and breach of fiduciary duty, New Jersey law "does not recognize a separate cause of action for 'breach of fiduciary duty'" for insurance brokers. *Trusted Transp. Sols., LLC v. Guar. Ins. Co.*, Civ. No. 16-7094, 2018 WL 2926167, at *3 (D.N.J. June 11, 2018). Therefore, to the extent Eastern has raised a claim against Crystal for breach of fiduciary duty, this Court will treat that claim as being one for broker malpractice and/or negligence. *See id.* (noting that claims against insurance brokers for breach of fiduciary duty are "incorporated into [New Jersey's] 'broker negligence' cause of action"). Claims for broker malpractice require a plaintiff to show "that the professional in question had a duty to the plaintiff, that the professional's conduct fell below the industry standard, and that the professional's negligence was the proximate cause of the plaintiff's injuries." *Mobile Dredging & Pumping Co. v. City of Gloucester*, Civ. No. 4-4624, 2005 WL 1876080, at *6 (D.N.J. Aug. 4, 2005).

*Star Holdings, Inc.*, 910 F. Supp. 1019, 1033 (D.N.J. 1995).  Insurance brokers have a duty: "(1) to procure the insurance; (2) to secure a policy that is neither void nor materially deficient; and (3) to provide the coverage he or she undertook to supply." *President v. Jenkins*, 853 A.2d 247, 257 (N.J. 2004).  Here, there is no dispute that Crystal procured insurance for Eastern that provided coverage for property damage to the Aircraft.  Eastern does not assert that the Policy was void or materially deficient.  Rather, Eastern alleges that after Crystal procured the Policy, it failed to monitor Eastern's compliance with the policy terms.  Crystal had no such post-procurement duty and satisfied its obligations to secure an appropriate insurance policy. Absent a breach of duty, Eastern's negligence/broker malpractice claims cannot stand.  Therefore, Crystal's motion to dismiss will be granted.

## **CONCLUSION**

Third-Party Defendant Crystal IBC, LLC's Motion to Dismiss is **GRANTED**.  An appropriate order follows.

                                              ___/s/ Susan D. Wigenton_____
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.